UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTON D. MOORE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:25-cv-814-AGF |
| | ) |
| DOUG BURRIS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Anton D. Moore's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), motion to appoint counsel (ECF No. 2), and motion to proceed *in forma pauperis* (ECF No. 3). Upon review of Petitioner's motion and the financial information submitted in support, the Court will grant Petitioner's motion to proceed *in forma pauperis*. For the reasons explained below, the Court will deny the petition and dismiss this case without further proceedings and deny as moot Petitioner's motion to appoint counsel.

### Background

On July 9, 2024, Petitioner was indicted for 16 felonies, ranging from first-degree murder to unlawful possession of a firearm. *State of Missouri v. Moore*, No. 2422-CR01568-01 (22nd Jud. Cir., St. Louis City).[1] He is currently in pretrial detention at St. Louis City Justice Center. (ECF No. 1). On March 6, 2025, Petitioner filed a pro se motion requesting a speedy trial and discharge under the Revised Statutes of Missouri § 545.920 and § 545.780. Petitioner is

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

represented by counsel in his criminal case. According to a docket entry from March 28, 2025, defense counsel was not ready for trial, as discovery had not been completed. During the pendency of the case, and even after Petitioner's request for a speedy trial, there have been several continuances requested jointly by the defense and prosecution. Most recently, there was a request for a continuance due to Petitioner obtaining a new defense counsel.

Petitioner filed the instant action on June 2, 2025. (ECF No. 1). He identifies four grounds for relief, all related to his right to a speedy trial or discharge under state law. He identifies three Missouri statutes and the Sixth Amendment[2] which he claims have been violated due to his continued pretrial detention. (*Id*. at 6-7). Petitioner claims he is challenging a decision of the Circuit Court which was entered on May 26, 2025. (*Id*. at 2). No corresponding order was found by this Court. Nor did the Court find any order from the Circuit Court addressing Petitioner's request for a speedy trial. In the section of the Petition which asks Petitioner why he did not appeal an adverse decision, he writes, "This is my appeal!" (*Id*.).

For relief, Petitioner requests to be released from detention under the Revised Statutes of Missouri § 545.920, dismissal of all charges with prejudice, as well as monetary damages of $200,000. (*Id*. at 7). Petitioner further requests $100 for each day that he was illegally detained, though he does not state when he believes his detention became illegal. (*Id*.).

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that a petitioner is not entitled to relief. Rule 4 also applies to habeas petitions arising under § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of

---

[2] Petitioner also listed the Fifth Amendment's right to a speedy trial. However, the Fifth Amendment does not contain such a right.

these rules to a habeas corpus petition not covered by Rule 1(a)"). For the reasons discussed below, it plainly appears that Petitioner is not entitled to relief on his § 2241 petition; therefore, the Court will summarily dismiss it.

Habeas corpus is generally a post-conviction remedy. *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968). *See also Jones v. Perkins*, 245 U.S. 390, 391 (1918) (stating that it "is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial"). However, a state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to 28 U.S.C. § 2241. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); and *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"). As such, a § 2241 petition is the appropriate method for Petitioner to attack his case on speedy trial grounds.

Most of Petitioner's claims and arguments rely on Missouri statutes addressing discharge and the right to a speedy trial. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) ("Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law."). Federal courts do "not have jurisdiction under 28 U.S.C. § 2241…to issue a writ of habeas corpus for violation of state law by state

authorities." *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986). Rather, such claims based on state law and the actions of state officials must be addressed by a state court. *Id*. See also *Matthews v. Lockhart*, 726 F.2d 394, 396 (8th Cir. 1984) (stating that in the context of a § 2254 habeas petition, the "question of whether the state violated its own speedy trial statute is a matter for the state courts"). For these reasons, Petitioner's speedy trial and discharge claims based on Missouri statutes must be dismissed.

With regards to Petitioner's Sixth Amendment claim, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981). To that end, when a state prisoner is seeking pretrial habeas relief based on speedy trial issues, the prisoner is required to exhaust state remedies, unless the prisoner can demonstrate the existence of special circumstances. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973)(stating that "federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"). The state court must have "an opportunity to consider on the merits [a petitioner's] constitutional claim" before the claim is brought to federal court. *Id.* at 490. "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

The Supreme Court has warned federal courts to guard against the interruption of state adjudications by federal habeas proceedings. *See Braden*, 410 U.S. at 490. A petitioner is not allowed to derail a pending state criminal proceeding by attempting to prematurely litigate constitutional defenses in state court. *See Neville v. Cavanagh*, 611 F.2d 673, 676 (7th Cir. 1979).

Petitioner here attempts to do exactly what the Supreme Court has warned against. He has not yet exhausted his claims in state court. In fact, his request for a speedy trial has not been adjudicated at any level in state court. Further, Petitioner's defense attorney in his criminal case was not ready for trial shortly after Petitioner's request for a speedy trial. Following his request for a speedy trial, Petitioner consented to several additional continuances. This does not show undue delay by the State but rather shows that both the defense and prosecution are still preparing for trial.

In *Braden*, the Supreme Court found extraordinary circumstances existed where the petitioner exhausted his state court remedies before filing his federal habeas action and the petitioner was not trying to dismiss his state court charges, but instead was attempting to compel a trial in state court. *Id*. at 491-493. Here, Petitioner has failed to exhaust his state court remedies and, rather than attempting to set a trial date, Petitioner attempts to entirely dismiss his state court charges. He has failed to show any extraordinary circumstances to justify bypassing state courts in raising his claims. Therefore, relief under § 2241 is unavailable to Petitioner at this time.

Because the Court will dismiss the Petition, Petitioner's motion seeking appointed counsel is moot and will be denied as such. Finally, because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel [ECF No. 2] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's Petition For a Writ Of Habeas Corpus Under 28 U.S.C. § 2241 is **DISMISSED** without prejudice. [ECF No. 1].

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 29th day of September, 2025.

                                                                   _/s/ Audrey G. Fleissig_
                                                                   AUDREY G. FLEISSIG
                                                                   UNITED STATES DISTRICT JUDGE